UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERIN PRIMMER,

                              Plaintiff,

    - against -                                      08-CIV-9422 (HB) (AJP)

CBS STUDIOS, INC.,

                              Defendant.

------------------------------------------------------------------X


**PLAINTIFF'S MEMORANDUM OF LAW
<u>IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE</u>**


**REISMAN, PEIREZ & REISMAN, L.L.P.**
Attorneys for Plaintiff
1305 Franklin Avenue
PO Box 119
Garden City, New York  11530
(516) 746-7799

## Table of Contents

                                                          **Page**

Table of Authorities ................................................................................................ i

Preliminary Statement ............................................................................................ 1

    A.    Primmer's Affidavit .................................................................. 2

    B.    Rule 56.1 Statement .................................................................. 9

    C.    Murray Affirmation ................................................................. 13

Conclusion ............................................................................................................ 14

## Table of Authorities

**Page**

### *Cases*

*Danzer v. Norden Systems, Inc.*, 151 F.3d 50 (2d Cir. 1998) ............................................. 4

*Hansard v. Pepsi-Cola Metropolitan Bottling Co.*,
  865 F.2d 1461 (5th Cir. 1989)............................................................................................ 6

*Jewell-Rung Agency, Inc. v. Haddad Org., Ltd.*,
  814 F.Supp. 337 (S.D.N.Y. 1993)...................................................................................... 5

*Payne v. Pauley*, 337 F.3d 767 (7th Cir. 2003) ....................................................................... 4

*Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572 (2d Cir. 1969) .................... fn. 2

*United States v. Hoffner*, 777 F.2d 1423 (10th Cir. 1985) ..................................................... 6

### *Legal Authorities*

Fed. R. Civ. P. 56 ................................................................................................................. 11

Fed. R. Evid. Rule 701 .......................................................................................................... 6

Local Rule 56.1 ...................................................................................................................... 9

### *Other Authorities*

*Moore's Federal Practice* 3D; § 56.14 (1)(d)................................................................... 4-5

171609

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ERIN PRIMMER,

                                                  Plaintiff,

    - against -                                                  08-CIV-9422 (HB) (AJP)

CBS STUDIOS, INC.,

                                                  Defendant.

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

### Preliminary Statement

Plaintiff, Erin Primmer ("Primmer"), commenced this action alleging that defendant CBS Studios, Inc. ("CBS") violated the Americans with Disabilities Act (42 U.S.C. §12111 *et seq.*), New York State Human Rights Law (*Executive Law* §290 *et seq.*) and the New York City Administrative Code, when CBS refused to renew Ms. Primmer's employment contract as a producer for *The Montel Williams Show* because Ms. Primmer had suffered a brain aneurysm and CBS perceived Ms. Primmer to be disabled. In connection with CBS' motion for summary judgment which is now *sub judice*, CBS has moved to strike portions of the Affidavit in Opposition of Erin Primmer, the Affirmation in Opposition of E. Christopher Murray and plaintiff's Response to Defendant's Rule 56.1 Statement.

171609

As fully set forth below, CBS' motion to strike is without merit because, *inter alia*, the statements contained in Ms. Primmer's affidavit were made upon direct personal knowledge or cite to admissible evidence, such as the deposition testimony of other witnesses, and are consistent with the Ms. Primmer's prior deposition testimony. Further, defendant's Local Rule 56.1 Statement is primarily made up of inappropriate attempts to summarize testimony or contains disputed factual assertions, as opposed to setting forth uncontested material facts, and plaintiff has responded to each paragraph with appropriate citation to support her denials or objections.

Defendant's motion to strike simply highlights that this action is completely inappropriate for summary judgment disposition since it involves determination of credibility and findings as to the intent of defendant's employees. Simply put, while defendant has set forth its version of the facts including its purported subjective beliefs as to Ms. Primmer's work performance, Ms. Primmer is entitled to controvert these statements through her own observations and testimony. Ultimately, the trier of fact must determine which version of events they believe. Accordingly, defendant's motion to strike should be denied, as well as the defendant's motion for summary judgment.

### A. *Primmer's Affidavit*

Despite defendant's assertion that Primmer's affidavit contains statements that are conclusory, not based on personal knowledge or are nothing more than speculation as to the motivation of others; the statements contained in Primmer's affidavit are based on her direct, first-hand knowledge as to how Primmer performed her duties as

171609

a producer for *The Montel Williams Show*, and also her first-hand knowledge as to whether she received criticism of her work performance prior to the time her contract was not renewed. Primmer is perfectly qualified to make statements with regard to the work she performed, and is also qualified to testify as to the intent behind the non-renewal of her contract since she was fully familiar with the circumstances surrounding this event.

For example, Primmer has direct first-hand knowledge as to whether or not she was unprepared for any of her shows, and is qualified to testify to such (*see* Primmer Affidavit, ¶ 7). Further, Primmer knows whether she received criticism for her job performance, or if she acted professionally in carrying out her duties as a producer (*id.*, ¶¶ 5-7, 12-13). Primmer is also competent to testify as to whether she had trouble putting together her shows or depicting her stories, whether or not she was inconsistent and disorganized, whether she was told to leave when Williams was discussing her shows, whether guests became angry at her, or whether Ms. Henry expressed satisfaction for her pitch ideas she resubmitted after the January 30th meeting[1] (*see, e.g., id.* ¶¶ 12-15). While defendant may offer testimony disagreeing with Ms. Primmer's assessment, it is up to a trier of fact to determine who is telling the truth.

In addition, these statements are not merely conclusory, but are also supported by specific delineated facts. Ms. Primmer was given a letter of recommendation by CBS, her contract was renewed after her first season with a six percent raise, and she was never subjected to criticism, save the one incident after the

---

[1] Ms. Henry confirmed as much in her deposition (Henry Tr. 41, Exhibit C to Primmer Affidavit).

171609

January 30, 2007 pitch meeting. Of course, it is difficult to prove a negative, but since defendant's after-the-fact criticisms are unspecified and no specific show or incident is referenced by defendant, Primmer is as specific in her responses to defendant's assertions as defendant was in initially making their vague and undocumented after-the-fact criticisms (*see, e.g., Danzer v. Norden Systems, Inc.,* 151 F.3d 50 [2d Cir. 1998] [in a discrimination case a "self serving" affidavit is often the only means available for a plaintiff to present her case on a summary judgment motion]; *Payne v. Pauley*, 337 F.3d 767 [7th Cir. 2003] ["a self-serving affidavit is an acceptable method of a non-moving party to present evidence of disputed material facts"]). Accordingly, defendant's motion to strike portions of paragraphs 2, 5, 7, 12, 13, 15 and 19 should be denied.

Regarding Ms. Primmer's citing to testimony from other witnesses (Primmer Affidavit, ¶¶ 9, 13), there is no legal authority that says that Ms. Primmer cannot set forth in her affidavit testimony by defendant's own witness which contradict each other, or reference testimony by another producer – Melissa Borrusso – who testified from her direct knowledge regarding Montel Williams being erratic, engaging in sexual harassment and his reputation for being abusive to producers. As explained in *Moore's Federal Practice* 3D; § 56.14 [1][d]:

> "The substance of the matter contained in the affidavit may not be based on information and belief, but must be based on personal knowledge. It must consist of admissible evidence in order properly to be considered in connection with the motion. **However, at the summary judgment stage, the focus is not on the form of the evidence as it is presented in an affidavit, but rather, whether at trial the matter**

> stated in the affidavit would constitute admissible
> evidence. To be acceptable at summary judgment
> stage, the evidence presented in the affidavit must be
> evidence that would be admissible if presented at trial
> through the testimony of the affiant as a sworn
> witness. For the content contained in the affidavit to be
> considered admissible evidence, it must not only be
> based on personal knowledge and contain evidence
> which would be admissible at trial, but the affiant must
> also be competent to testify to the matters set forth in
> the affidavit. Consequently, an affidavit that contains
> facts that could only be presented at trial through
> evidence that violates the proscriptions against hearsay
> and statements made without personal knowledge
> should not be admitted at the summary judgment stage.
> **However, if an affidavit points to the testimony of
> another witness or source of competent evidence,
> this may demonstrate the existence of sufficient
> evidence available at trial to defeat the summary
> judgment motion.**" (emphasis supplied)

See also *Jewell-Rung Agency, Inc. v. Haddad Org., Ltd.*, 814 F.Supp. 337 (S.D.N.Y. 1993) (motion to strike denied when challenged statements were admissions of a party opponent).

      Further, as even defendant admits, paragraphs 3, 9 and 10 which defendant also seeks to strike do contain specific factual statements with regard to Primmer's employment contract, the renewal of Ms. Primmer's contract between seasons 15 and 16, and the termination of another producer after one season with *The Montel Williams Show* (*see* Defendant's Memorandum of Law, p. 5). And, there is nothing improper by Ms. Primmer setting forth an introduction and then referring the Court to the Memorandum of Law.

171609

With regard to defendant's objections to the portion of Ms. Primmer's affidavit which sets forth her perception of defendant's intent as to why her contract was not renewed (*e.g.*, Primmer Affidavit, ¶¶ 2, 18, 19), since Primmer was fully aware of the facts and circumstances involving the non-renewal of her contract, and personally observed Ms. Henry when she stated that CBS needed someone at the "top of their game" and who could "handle the pressure", Primmer was competent to offer her observations (*see, e.g., Hansard v. Pepsi-Cola Metropolitan Bottling Co.*, 865 F.2d 1461 [5th Cir. 1989] ["Courts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances"]; *United States v. Hoffner*, 777 F.2d 1423 [10th Cir. 1985] ["Courts have been very liberal in admitting witnesses' testimony as to another's state of mind if the witness has had sufficient opportunity to observe the accused so as to draw a rational conclusion about the intent of the accused]; *see also* Fed. R. Evid. Rule 701).[2]

---

[2]   Defendant also seeks to strike paragraph 11 which states:

> "As a result, on or about June 1, 2006, I executed a new contract for Season 16. My contract for Season 16 permitted CBS to terminate me at intervals without severance...."

The suggested reason for striking this paragraph is not clear since it is not disputed that a contract for Season 16 was entered into, nor could it be disputed that the express terms of the contract provided intervals where it could be terminated without any liability to CBS (*see, e.g., Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572 [2d Cir. 1969] [motion to strike denied because it did not specify which part of the affidavit should be stricken and why]).

171609

Demonstrating its desperation to avoid having a trier of fact determine who is telling truth, CBS goes so far as to be disingenuous as to the content of Ms. Primmer's affidavit in contending that her statements in her affidavit are contradicted by her deposition testimony. For example, in paragraph 2 of Ms. Primmer's affidavit, she clearly states that she intended on returning as a producer for the 17th season of *The Montel Williams Show*, which began in **August** of 2007. Yet, in its motion to strike, defendant **inserts** into paragraph 2 the words "in May 2007" to support their contention that her affidavit is contradicted by Primmer's testimony about her medical records that state that she had to see a neuropsychologist before returning to work (*see* Defendant's Memorandum of Law in Support of Motion to Strike, p. 11). The insertion of "in May 2007" by defendant is critical because Primmer did meet with a neuropsychologist in June 2007, and thus was capable of starting work for the 17th Season, which would begin in August 2007. Accordingly, there was no inconsistency between her affidavit and her deposition testimony, and defendant is simply being disingenuous by inserting words which are not contained in Ms. Primmer's actual affidavit.

With regard to paragraph 18, Primmer quoted Ms. Henry as stating that CBS needed "someone at the top of their game" and someone "who could handle the pressure". In her deposition, Primmer testified that Ms. Henry stated "we're not renewing your contact because we need someone who is at the top of their game, someone who can handle the pressure" (Primmer Tr. 243). How these statements are inconsistent is a mystery. And, with regard to the word physically before "top of their

- 7 -

171609

game" contained in paragraph 2 of the Primmer Affidavit, this word does not purport to be quoted language, and Primmer is competent to testify as to what was her understanding of what she was being told.

Amazingly, defendant also disingenuously contends that Primmer's affidavit is inconsistent with her deposition testimony because in her affidavit, at paragraphs 12 and 13, Primmer states that she performed her services as a producer and received no complaints, while defendant asserts Primmer admitted in her deposition that she was told that CBS was dissatisfied with the pitches made at the January 30, 2007 meeting. However, in paragraphs 14 and 15 of her affidavit, Ms. Primmer specifically sets forth that she was told by her co-executive producers after the January 30, 2007 meeting that they were dissatisfied with her pitches and that she would have to go back and resubmit them, which she did. Accordingly, reading the entirety of plaintiff's affidavit demonstrates that it is completely consistent with Primmer's deposition testimony.

Primmer consistently stated that the **only** time that she was told that her performance was in any way lacking was immediately after the January 30 pitch meeting, and she then resubmitted her pitch materials which defendant admits were improved. Plaintiff's affidavit and her deposition testimony are consistent, and defendant's contentions otherwise border on the frivolous. Accordingly, defendant's motion to strike paragraphs 2, 12, 13 and 18 of the Primmer Affidavit should be denied.

171609

### B. Rule 56.1 Statement

Pursuant to Local Rule 56.1, a party moving for summary judgment should annex to the notice of motion a "separate, **short and concise** statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" (emphasis supplied). Ignoring this simple directive, defendant's Rule 56.1 Statement contains no less than 125 paragraphs, of which at least 25 paragraphs, on their face, do not purport to be statements of undisputed material facts, but are instead statements reciting what certain witnesses testified to at their depositions.

For example, No. 13 of defendant's Rule 56.1 Statement provides:

> "Williams testified that he was dissatisfied with Primmer's performance throughout Season 15 because she was unable to conform to 'what was a very rigorous check off list ... to produce a show' (Williams Transcript, pp. 19-21)."

Similarly, No. 62 of defendant's Rule 56.1 Statement provides:

> "Williams recalled that '[u]nfortunately, Christmas rolled around, we had other issues going on. I can't let somebody go at Christmas time.' (Williams Tr. 60; see also [Jewett Tr.] at 41.)"

And, another purported statement of undisputed material "facts" contained in defendant's Local Rule 56.1 Statement is No. 88, which states:

> "Williams testified that 'it was very clear to everybody in that room [at that pitch meeting] that Erin's days were very numbered...' (Williams Tr. 56.)"

These are not statements of material fact for which there is no genuine issue to be tried, but instead are summaries of the testimony given by Montel Williams. While

171609

Montel Williams did testify to the quoted language, so literally the statements are accurate, the fact that Williams testified a certain way does not mean that the underlying substance of his testimony was truthful, accurate and/or not in dispute. On numerous occasions, defendant's Rule 56.1 Statement contains paragraphs whose statements of "fact" are nothing more than statements that a witness gave certain testimony supporting defendant's contentions on its motion for summary judgment. The "fact" that a witness testified in a certain way may be true, but that does not mean that the substance of the testimony is undisputed or is not contradicted by the testimony of defendant's other witnesses or Ms. Primmer.

Accordingly, defendant is not complying with Rule 56.1 by setting forth uncontested material fact, *e.g.*, the date that plaintiff's employment started with CBS. Obviously, plaintiff does not agree with the testimony, but cannot argue with the fact that the testimony was given, and the utilization of this disingenuous technique by the defendant was properly objected to as not being within the scope of a Rule 56.1 Statement. Accordingly, defendant's motion to strike those responses to the paragraphs in Local Rule 56.1 Statement paragraphs 13, 17, 18, 19, 20, 42, 55, 56, 58, 62, 64, 77, 85, 87, 88, 92, 95, 98, 104, 105, 110, 111, 112, 124 and 125 should be denied.

As to the other statements that are denied in response to defendant's Local Rule 56.1 Statement, defendant's principal objection is that these denials are not supported by admissible evidence because they rely on Primmer's affidavit. For example, paragraph 14 of defendant's Local Rule 56.1 Statement states that Williams

171609

observed that "all of [Primmer's] work almost had to be rewritten to be delivered to [him]." Primmer denies that her work had to be re-written at any time other than the one incident after the January 30, 2007 pitch meeting.

As set forth above, Primmer's affidavit fully complies with the requirements of Fed. R. Civ. P. 56 because Primmer has direct knowledge as to whether or not her material had to be re-written, *etc.*; and she is competent to set forth the contradictory statements of CBS' other witnesses. Accordingly, Primmer's statements in her affidavit which form the basis of the denial to the defendant's Rule 56 Statement paragraphs 14, 15, 16, 27 and 28 are based upon Ms. Primmer's personal knowledge, and/or properly reference the testimony of the other CBS employees, and these responses should not be stricken.

Further, with regard to paragraphs 38 to 41, 43 through 46 and 52 through 58, these denials are Primmer's disputing the now-recollections of CBS employees concerning Primmer's performance, and/or statements by one CBS employee that contradict statements of other witnesses produced by CBS. Primmer has personal knowledge as to the quality of her performance, and whether or not she was ever criticized by CBS employees, which she emphatically stated was not the case. Further, none of the purported criticisms of Primmer's performance are documented in any way. Also, that the testimony of the various CBS witnesses are not consistent, and whether the subjective statements as to a person's thought process is believable is a credibility determination to be made by a jury. Accordingly, these statements demonstrate that there

are factual issues as to whether or not defendant's after-the-fact criticism of plaintiff is a convenient attempt to avoid defendant's wrongful failure to renew Ms. Primmer's contract.

With regard to paragraphs 65, 73 and 74, plaintiff denied these statements because they were not supported by any admissible evidence. Only after the fact has CBS produced a memorandum, purportedly by Supervising Field Producer Eric Saltz, which purports to recite a complaint from Field Producer Jen Madden. Neither Ms. Madden nor Mr. Saltz provided any testimony as to the authenticity of this document, nor the reason for which it was created so as to establish its admissibility.[3] All CBS has offered is its third-hand account, from a purported field producer, contained in a document which has not been authenticated and is, therefore, inadmissible.

As to the statements regarding paragraphs 84, 86, 93, 94, 97, 99, 100, 101, 102, 103, 106, 107 and 109, plaintiff has cited the contradictory nature of defendant's recitation of the events leading up to the non-renewal of her contract, including the inconsistent testimony of the various witnesses produced by CBS. Further, Primmer has specifically denied defendant's recitation of facts such as the testimony from co-executive producers that they "rewrote ... scripts for her ... restacked her shows for her ... practically booked her shows for her ... gave her show ideas ... and practically produced her shows for her ..." (¶ 93). Primmer has first-hand knowledge as to whether or not the

---

[3] Defendant asserts this document is admissible as a business record, yet no one for defendant has even attempted to provide a foundation as to whether this document is, in fact, a business record, i.e., was it kept in the normal course of business, how it was maintained and why was it created.

171609

co-executive producers rewrote her scripts or restacked her shows or practically booked her shows for her, and the denial of these statements based on Ms. Primmer's affidavit is completely proper.

Primmer's denials of this testimony are not conclusory and are based on personal knowledge, and are completely consistent with Primmer's own sworn deposition testimony where she said the only time that there was a complaint with regard to her performance was after the January 30 pitch meeting where she was told to resubmit her ideas, which she did, as defendant acknowledges. Only after she had a brain aneurysm did all of a sudden her performance become unacceptable, and whether CBS or Ms. Primmer should be believed simply highlights that a trier of fact is required to resolve these issues.

In sum, defendant's Rule 56.1 Statement is made up primarily of recitation of testimony or statements of subjective beliefs with regard to Primmer's work performance, which Primmer has specifically denied, and does not include statements of uncontested material facts except for those statements that were specifically admitted, *i.e.*, the dates of employment, the length of the season, *etc.* There is no basis to strike any of plaintiff's responses to defendant's Rule 56.1 Statement and defendant's motion should be denied.

C.   *Murray Affirmation*

Defendant also seeks to strike one paragraph of counsel's affirmation because it allegedly contains an argumentative statement of ultimate fact (Defendant's

171609

Memorandum of Law, p. 3). However, the affirmation sets forth documentary evidence to support the statement. Since paragraph 4 of the affirmation simply recites the relevancy of the documents annexed to the affirmation, there is no basis to strike paragraph 4 of the affirmation.[4]

### Conclusion

Accordingly, for the reasons set forth above, defendant's motion to strike should be denied in its entirety, and this Court should also deny defendant's motion for summary judgment.

Dated: Garden City, New York
August 11, 2009

Respectfully submitted,

**REISMAN, PEIREZ & REISMAN, L.L.P.**

By: _____
E. Christopher Murray (CM-8980)
Attorneys for Plaintiff
1305 Franklin Avenue
PO Box 119
Garden City, New York  11530
(516) 746-7799

---

[4] Of interest is the fact that, although the seeking to strike an affirmation as being argumentative, defendant then sets forth an argument as to why the statement is not legally accurate, something completely irrelevant to the motion to strike.